**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| ARLESA GREER, § § Plaintiff § § v. § **Case No.:** § MEDICREDIT, INC., § **COMPLAINT AND DEMAND FOR** § **JURY TRIAL** Defendant § § **(Unlawful Debt Collection Practices)** | |

## COMPLAINT

ARLESA GREER ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Terrell, Texas.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 3 City Place Drive, Suite 6900, Saint Louis, Missouri 63141.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a medical debt incurred from Presbyterian Hospital.

11. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in or around February 2017, and continuing through May 2017, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone seeking to collect this alleged debt.

13. Defendant's harassing debt collection calls derived from numbers including, but not limited to (888) 930-4297. The undersigned has confirmed that this number belongs to the Defendant.

14. Plaintiff repeatedly told Defendant to stop calling.

15. However, Defendant continued to call.

16. Once Defendant knew that its calls were unwanted, any further calls could only have been placed for the purpose of harassing Plaintiff.

17. Defendant's telephone calls were also frequently placed at times known to be inconvenient, including after 9:00 P.M.

18. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notice setting forth her rights to dispute the debt and/or seek verification of the debt pursuant to the FDCPA.

19. Defendant's actions as described herein were made with the intent to harass, upset and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE FDCPA**

20. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff and when it continued calling Plaintiff's cellular telephone after he explicitly told Defendant to stop.

## COUNT II
### DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

22. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff.

## COUNT III
### DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

24. A debt collector violates § 1692c(a)(1) if without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it contacts a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

25. Defendant violated § 1692c(a)(1) when it contacted Plaintiff at inconvenient times, such as after 9pm.

## COUNT IV
### DEFENDANT VIOLATED § 1692g OF THE FDCPA

26. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the

thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising them of their rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, ARLESA GREER, respectfully pray for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ARLESA GREER, demands a jury trial in this case.

|  |  |
|--|--|
|  | RESPECTFULLY SUBMITTED, |
| DATED: August 4, 2017 | By: /s/ Amy L. Bennecoff Ginsburg |
|  | Amy L. Bennecoff Ginsburg, Esquire |
|  | Kimmel & Silverman, P.C. |
|  | 30 East Butler Pike |
|  | Ambler, Pennsylvania 19002 |
|  | Phone: (215) 540-8888 |
|  | Facsimile: (877) 788-2864 |
|  | Email: aginsburg@creditlaw.com |